U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 21 2010

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CERAMIC PERFORMANCE WORLDWIDE, LLC | § § § § | |
| Plaintiff, | § § | NO. 3-09-CV-0344-BD |
| VS. | § § | |
| MOTOR WORKS, LLC, ET AL. | § § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

In this copyright and trademark infringement action, defendants have filed a Rule 12(b)(1) & (b)(6) motion to dismiss plaintiff's federal claims for declaratory relief and state claims for tortious interference with existing contracts and prospective business relationships. The gravamen of plaintiff's second amended complaint is that Defendants Motor Works, LLC ("Motor Works") and Cerma Organic International, Inc. ("Cerma"), who own certain trademarks and copyrighted materials, have threatened to sue plaintiff for using the name of Motor Works and Cerma products, as well as proprietary testing data regarding those products, on its website. The alleged unauthorized use of these protected materials prompted John Murray, CEO of Motor Works and Cerma, to send an e-mail to plaintiff stating, in pertinent part:

> [I]f your use, continued use of any and all materials your company or it's officers, agents have gathered from Cerma organic international, or motor works LLC or any affiliate, or affiliated website or literature, being utilized by you to promote your knockoff product, is not stopped by Feb. 15 2009 I will file a lawsuit in the appropriate jurisdiction, seeking a permanent injunction and damages, as well as legal expenses in an effort to stop your continued use of our test data, trade marks, copyrights, work or combination of words that would mislead a potential client into thinking your products are some how

> related to our product (Cerma, STM-3, Cerma Lube) etc! This is not a threat it is a promise.

(Def. Mot. App. at 21). Shortly after receiving this e-mail, plaintiff filed suit in federal district court seeking a declaration of non-infringement with respect to defendants' copyrights and trademarks. Plaintiff also accuses defendants of tortiously interfering with its distribution of liquid ceramic bonding products in Arizona and elsewhere. Defendants now move to dismiss plaintiff's declaratory judgment claims for lack of subject matter jurisdiction, and to dismiss plaintiff's tortious interference claims for failure to comply with the Rule 8 pleading requirements.[1] The motion has been fully briefed by the parties and is ripe for determination.

Federal courts have broad discretion to grant or refuse declaratory judgments. *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). Although this discretion is broad, "it is not unfettered." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). The court cannot dismiss a declaratory judgment action "on the basis of whim or personal disinclination." *Id.*, quoting *Rowan Cos. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir. 1989) (internal quotations omitted). The Fifth Circuit has identified seven non-exclusive factors for a district court to consider in deciding whether to dismiss a declaratory judgment action:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

---

[1] Defendants also seek dismissal of plaintiff's second amended complaint because it was filed two months after the deadline established by the court. Although the court has authority to dismiss a case for failure to comply with an order, a dismissal with prejudice is appropriate only when there is "a clear record of delay or contumacious conduct." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992), *citing* FED. R. CIV. P. 41(b). Here, the delay in filing plaintiff's second amended complaint was due to the sudden death of counsel's longtime secretary. Under these circumstances, a Rule 41(b) dismissal is not warranted.

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 388 (5th Cir. 2003), *citing St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994). In this case, those factors weigh in favor of retaining jurisdiction over plaintiff's claim for a declaration of non-infringement with respect to defendants' trademarks. Of particular significance is the absence of a parallel state proceeding involving the subject matter of this dispute. *Id.* at 394 ("[T]he lack of a pending parallel state proceeding . . . is a factor that weighs strongly against dismissal."). In addition, defendants allegedly have published information on their website accusing plaintiff of trademark infringement, and threatened to sue plaintiff for misuse of their protected materials. (*See* Plf. Sec. Am. Compl. at 5-7, ¶¶ 26-27, 33-36; Def. Mot. App. at 3-21). The nature of the allegations against plaintiff clearly invokes the Lanham Act, 15 U.S.C. § 1125. Under these circumstances, plaintiff was entitled to bring this declaratory judgment action in federal court rather than wait to see if defendants ever made good on their threats. *See Sherwin-Williams*, 343 F.3d at 396, *citing Texas Employer's Ins. Ass'n v. Jackson*, 862 F.2d 491, 505 (5th Cir. 1988) (noting that one purpose of a declaratory judgment action is to allow potential defendants to resolve a dispute without waiting to be sued).

The court reaches a different conclusion with respect to plaintiff's declaratory judgment claim involving defendants' copyrights. The consensus among federal courts, including the Fifth Circuit,

is that registration of a copyright is a jurisdictional prerequisite to an infringement suit. *See Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997). It follows that registration is also a jurisdictional prerequisite to an action seeking a declaration of non-infringement of a copyright. *See, e.g. Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859, 863 (11th Cir. 2008); *Specific Software Solutions, LLC v. Institute of WorkComp Advisors, LLC*, 615 F.Supp.2d 708, 714 (M.D. Tenn. 2009); *Optovue Corp. v. Carl Zeiss Meditec, Inc.*, No. C 07-3010 CW, 2007 WL 2406885 at *4 (N.D. Cal. Aug. 20, 2007); *Emme Bridal Inc. v. Milady Bridals Inc.*, No. H-97-1845, 1998 WL 241202 at *7 (S.D. Tex. Mar. 17, 1998). In a sworn affidavit, John Murray states that none of the copyrighted materials at issue in this lawsuit have been registered with the United States Copyright Office. (*See* Def. Mot. App. at 2, ¶ 4). Plaintiff offers no argument, much less evidence, to the contrary. Consequently, the court lacks jurisdiction over plaintiff's claim for a declaratory judgment of non-infringement with respect to defendants' copyrights.

The only other claims asserted by plaintiff are for tortious interference with existing contracts and for tortious interference with prospective business relationships.[2] To plead a cause of action for tortious interference with an existing contract, plaintiff must allege facts showing, *inter alia*, that defendants knew about the contract or business relationship and intentionally interfered with the contract. *See Icon Benefit Admin. II, L.P. v. Wachovia Ins. Servs, Inc.--Dallas*, No. 3-08-CV-0107-M, 2008 WL 2645478 at *6 (N.D. Tex. Jul. 3, 2008); *Mill Creek Press, Inc. v. The Thomas Kinkade Co.*, No. 3-04-CV-1213-G, 2004 WL 2607987 at *10 (N.D. Tex. Nov. 16, 2004). Although plaintiff alleges that false information published by defendants on their website caused an Arizona distributor

---

[2] Defendants interpret plaintiff's second amended complaint to assert a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). After defendants filed their motion to dismiss, plaintiff clarified that its unfair competition claim is not based on any copyright or trademark, but rather "on using unfair tactics and lies to interfere with Plaintiff's business." (*See* Plf. Resp. at 8). In view of this clarification, the court need not consider defendants' request for dismissal of plaintiff's unfair competition claim.

to breach an existing contract with plaintiff, (*see* Plf. Sec. Am. Compl. at 7, ¶ 33), there is no allegation that defendants knew about the contract or knowingly interfered with the contract. Nor does plaintiff allege specific facts showing that any such interference was willful and intentional. Likewise, plaintiff does not identify any prospective contracts or business relationships with third-parties that have been jeopardized by the dissemination of false information by defendants. Rather, plaintiff's tortious interference claims amount to nothing more than a formulaic recitation of the elements of this cause of action, which is insufficient to state a claim under Texas law. *See Icon Benefit Admin.*, 2008 WL 2645478 at *6; *Mill Creek Press*, 2004 WL 2607987 at *10.

## CONCLUSION

Defendants' motion to dismiss [Doc. # 22] is granted in part and denied in part. The motion is granted with respect to plaintiff's claims for a declaration of non-infringement of defendants' copyrights, tortious interference with existing contracts, and tortious interference with prospective business relationships. The declaratory judgment claim is dismissed without prejudice, and the tortious interference claims are dismissed with prejudice.[3] In all other respects, the motion is denied.

SO ORDERED.

DATED: January 21, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Ordinarily, the court would allow plaintiff to cure any pleading defects by amending its complaint. However, plaintiff has already amended its complaint twice and been given ample opportunity to state its best case. *See Schiller v. Physicians Resource Group, Inc.*, No. 3-97-CV-3158-L, 2002 WL 318441 at *16 (N.D. Tex. Feb. 26, 2002), *aff'd*, 342 F.3d 563 (5th Cir. 2003), *quoting Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986) ("At some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").